**IN THE COURT OF APPEALS OF IOWA**

No. 15-2055
Filed April 6, 2016

**IN THE INTEREST OF D.P.,**
**Minor child,**

**H.P., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

A mother appeals the termination of her parental rights to her twelve-year-old son. **AFFIRMED.**

John Audlehelm of Audlehelm Law Office, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd and Janet L. Hoffman, Assistant Attorneys General, for appellee State.

Michelle Becker of the Youth Law Center, Des Moines, for minor child.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

A mother appeals the termination of her parental rights to her now twelve-year-old son, D.P. The juvenile court based its decision on Iowa Code section 232.116(1)(f) (2015), which requires the State to prove, by clear and convincing evidence, all of the following:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

On appeal, the mother contends the State failed to prove D.P. could not be returned to her care.[1]

We review termination proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* Clear and convincing evidence must support the termination decision. *In re M.W.*, ___ N.W.2d ___, ___, 2016 WL 852001, at *5 (Iowa 2016). The State meets the clear-and-convincing standard when there are no serious or substantial doubts as to the correctness of conclusions of law drawn from the evidence. *Id.*

D.P. first came to the attention of the Iowa Department of Human Services (DHS) in 2007 when his father failed to provide proper supervision of the then

---

[1] The court also terminated the father's rights, but he is not a party to this appeal.

three-year-old. In 2008 both the mother and father denied critical care to the child resulting in child-protection assessments. The family received services from DHS and the case was closed. The family again came to DHS's attention in 2013, when the father struck the mother with a ketchup bottle, the father used crack cocaine in the home, and the mother exhibited unresolved mental health issues. The juvenile court adjudicated D.P. as a child in need of assistance (CINA) in March 2013. The parents' relationship ended following another assault by the father against the mother. DHS removed D.P. from the mother's care in February 2014, and he has not been returned home. Following removal, both parents engaged in visitation and services. The parents were able to show enough progress to warrant a six-month extension of time in December 2014.

During this extension, the mother failed to comply with the expectations of the court. She stopped taking her prescribed medications for depression and mood issues. She began seeing her current boyfriend, who has a criminal history, including an assault conviction. He also has two prior domestic assault charges that were dismissed. The mother tested positive for methamphetamine in March and April of 2015. She also acted aggressively towards DHS workers. She wrote emails to the workers accusing them of falsifying her drug results. She accused her attorney of "stalking" her and filed harassment charges against her attorney.[2] The mother's new boyfriend did not comply with services and was disruptive at the family team meetings.

---

[2] Authorities found no evidence to support the mother's allegations, and the court granted the attorney's motion to withdraw.

At a June 2015 permanency-review hearing, the court found the mother was willfully ignoring the boyfriend's criminal and domestic abuse history, and drug use. The family's DHS worker recommended termination based on the mother's unresolved substance-abuse issues and ongoing mental-health issues. The worker believed the mother's current relationship had "unfortunately taken her focus away from reunification goals and been a great barrier for her."

The State filed its petition for termination on June 18, 2015. The child's guardian ad litem recommended termination. The child's attorney recommended the petition be dismissed because D.P. did not want his parents' rights to be terminated. After the termination hearing, the juvenile court granted the State's petition.

After reviewing the entire record anew, we affirm the juvenile court's order terminating the mother's parental rights. The State presented clear and convincing evidence D.P. could not be safely returned to his mother's care. The mother has not addressed her mental-health or substance-abuse issues. The mother tested positive for drugs in March and April 2015, yet denies drug use. She has not taken any steps to address her drug use; instead, she claims DHS tampered with the results. The mother also tampered with a drug patch in September 2015, which the district court considered a positive test. After ending a relationship with the father plagued by domestic violence, the mother turned a blind eye to her new boyfriend's criminal history and destructive influence— despite concerns from the DHS workers and the juvenile court that the relationship posed a barrier to her reunification with D.P. The mother's conduct

"demonstrates that [she] continues to make decisions without thinking of the impact on her child." *See M.W.*, ___ N.W.2d at ___, 2016 WL 852001 at *9.

The mother has had involvement with the DHS on and off for eight years, at times making progress in her parenting, but recently taking steps backward. Instead of focusing on the issues preventing reunification with her son, she has wasted a significant amount of time investigating the DHS employees, as well as officers of the court, including her own attorney. "We have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to wait for their parent to grow up." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998). Because we find clear and convincing proof in the record, we affirm the termination of parental rights under paragraph (f).

**AFFIRMED**.